1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  OSCAR GONZALEZ,                              CV F   06-1081 AWI DLB HC

10                      Petitioner,            ORDER GRANTING RESPONDENT'S
                                               MOTION TO DISMISS
11        v.                                   [Doc. 8]

12                                             ORDER DISMISSING PETITION FOR WRIT
    JEFF WRIGLEY, Warden,                      OF HABEAS CORPUS AS MOOT

13
                        Respondent.            ORDER DIRECTING CLERK OF COURT TO
14   _____ /        ENTER JUDGMENT IN FAVOR OF
                                               RESPONDENT

15

16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.

18                                      BACKGROUND

19        Petitioner pled guilty in the Central District of California to one count of wire fraud and

20  one count of bank fraud.  18 U.S.C. §§ 1343, 1344; Exhibit 1, Motion.  On June 27, 2005,

21  Petitioner was sentenced to 21 months incarceration on each count concurrently, 36 months of

22  supervised release on each count concurrently, restitution in the amount of $665,673.00, and a

23  penalty assessment of $200.00.  Id.  If petitioner were to serve his full term, he would be released

24  on June 26, 2007.  Exhibit 2, at 6, Motion.  As of November 16, 2006, Petitioner was scheduled

25  to be released on April 5, 2007, based on the good time credits he had earned and was projected

26  to earn in the future.  Id.

27

28

1

1                                            DISCUSSION

2          As Respondent submits, in 2005, the Bureau of Prisons ("BOP") adopted regulations that

3    limit the amount of time that an inmate can spend in a halfway house at the end of his sentence to

4    a lesser of 10% of the inmate's total sentence or six months, unless special statutory

5    circumstances apply.  28 C.F.R. §§ 570.20, 570.28.  Respondent submits that if this criterion

6    were applied in the instant case, Petitioner could not be released until February 10, 2007. Exhibit

7    2, at 4.[1]  Petitioner argues that the regulation is invalid and that he is entitled to evaluation for a

8    halfway house placement without consideration of its limitations.  Petition, at 1.  Respondent

9    argues that the petition should be dismissed because Petitioner had already been given the

10   evaluation he has requested.  The Court agrees.

11         In his motion, Respondent states that the BOP has evaluated Petitioner "without reference

12   to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community

13   Corrections Policies."  Motion, at 2; Exhibit 3.  As a result of this evaluation, it was

14   recommended that Petitioner spend 30-60 days in a RRC prior to his release.  Respondent has

15   provided a copy of the completed form entitled "Institutional Referral for CCC Placement." See

16   Exhibit 3, Motion. According to the form, Petitioner was evaluated on October 12, 2006,

17   consistent with this Court's opinions in Horn v. Ellis, Case No. 1:06-CV-0006 OWW TAG HC

18   and Arcediano v. Wrigley, Case No. 06-CV-00780 AWI DLB HC, which held that the 2005 BOP

19   regulations contradict, rather than interpret, Congress's intent in enacting 18 U.S.C. §§ 3621(b)

20   and 3624(c), and directed that the Petitioners be evaluated in light of the factors set forth in 18

21   U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons

22   ("BOP"), without reference to the BOP policy promulgated in December 2002 and without

23   reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Id.

24         Because Petitioner has already been granted the relief he requested and recommended by

25   the Magistrate Judge, the case is now moot.  The case or controversy requirement of Article III of

26   the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor

27

28
            [1] This date is called the pre-release preparation date.

                                                  2

1  Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v.

2  City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues

3  presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

4  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without

5  power to decide questions that cannot affect the rights of the litigants before them." North

6  Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life

7  Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

8                                                            ORDER

9          Accordingly, IT IS HEREBY ORDERED that:

10                  1.       The court declines to adopt the Findings and Recommendations because of

11                           changed circumstances,

12                  2.       Respondent's Motion to Dismiss is GRANTED;

13                  3.       All pending motions are DENIED as MOOT;

14                  4.       The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and

15                  5.       The Clerk of Court is DIRECTED to enter judgment.

16

17  IT IS SO ORDERED.

18  **Dated:     January 11, 2007**                          **/s/ Anthony W. Ishii**
    0m8i78                                            UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28